UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| EARL DAVID DOWTY, | * | CIV 11-3025-RAL |
| | * | |
| Plaintiff, | * | |
| | * | ORDER ON |
| vs. | * | PENDING MOTIONS |
| | * | |
| DERRIS WAUKAZOO, | * | |
| | * | |
| Defendant. | * | |

    Plaintiff Earl David Dowty filed his Complaint in this case on October 12, 2011, under 42 U.S.C. § 1983. This Court screened Dowty's Complaint, dismissed certain of Dowty's claims, allowed Dowty to proceed with a claim against Defendant Derris Waukazoo regarding alleged deliberate indifference to Dowty's medical conditions, and granted Dowty leave to proceed in forma pauperis. Doc. 11.

    This Court is familiar with Dowty based on his previous indictment on federal charges in three cases —11-cr-30008, 11-cr-30026, and 11-cr-30027. This Court also is familiar with Dowty because of his numerous pro se complaints in civil cases. This Court dismissed for failure to state claims civil cases filed as 12-cv-3002 and 12-cv-3003. This Court has yet to complete its screening of other civil cases that Dowty has pending under 12-cv-4002, 12-cv-4016, and 11-cv-5101. Dowty's history of pro se litigation also includes cases previously filed and now closed under civil numbers 01-cv-4037, 01-cv-4107, 02-cv-4264, 04-cv-4192, 05-cv-4083, 05-cv-4120, 04-cv-5028, 04-cv-5068, 04-cv-5109, and 05-cv-5076.

    Dowty not only is a serial filer of pro se complaints, but also is a serial filer of motions within those cases. This Court has disposed of motions filed by Dowty in this case through several previous orders. Doc. 11, Doc. 16, Doc. 23, Doc. 38, Doc. 43, and Doc. 45. Dowty has sought to take an appeal from this case to the Eighth Circuit, but the Eight Circuit denied the appeal and Dowty's motion for rehearing. Doc. 35, Doc. 40.

    In the three months since this Court last ruled on one of Dowty's motions in this case, Dowty has filed fourteen separate motions. To attempt to bring some order to the case, this Court required

Defendant to respond to the pending motions. Doc. 57. Defendant filed a response to the motions.

Notwithstanding Dowty's history of frivolous filings, both through suits and motions, this Court has given this case careful attention. Dowty has serious medical conditions, including but not limited to issues with his left shoulder, right shoulder, and left knee. Some of Dowty's motions were vehicles by which Dowty submitted medical records to this Court. See Doc. 47, Doc. 49, Doc. 53, Doc. 55, Doc. 61. Some of Dowty's motions sought orders by this Court to require Defendant to pay for Dowty to undergo surgery. Doc. 46, Doc. 61, Doc. 62. Some of Dowty's motions are an effort to bypass a ruling from this Court and to have the Eighth Circuit address the case. Doc. 57, Doc. 58. Others of Dowty's motions are efforts to prompt this Court to rule rapidly and in Dowty's favor. Doc. 46, Doc. 54, Doc. 61, Doc. 62, Doc. 63, Doc. 64, Doc. 75, Doc. 76.

This Court has spent a considerable amount of time weighing through Dowty's motions. Although Dowty has other medical conditions, Dowty's focus and desire is for the Defendant to pay for surgery on his left shoulder, right shoulder, and left knee. Dowty has filed an MRI report from Dr. Stanley Christopher dated July 14, 2011, documenting that an MRI of Dowty's left shoulder revealed a large posterior labral tear, mild bursal surface fraying, and a moderate amount of acromioclavicular ("AC") joint degenerative change and spurring. On July 25, 2011, Dr. Gonzalo Sanchez recommended diagnostic arthroscopy surgery with possible repair and distal clavicle excision. Doc. 46-1, Doc. 46-2, Doc. 49-1 at 1-4. Defendant has responded with information from Dr. Sanchez from February 22, 2012, where Dr. Sanchez opined that the left shoulder is not an acute medical condition requiring immediate care and that delay in medical care will not adversely affect Dowty's prognosis. Doc. 66-4. Dr. Stephen Stout of the Avera Medical Group agreed with this conclusion. Doc. 66-3.

Dowty underwent an MRI on his right shoulder on January 27, 2012, which revealed extensive tearing of the posterior labrum and AC joint degenerative change. Doc. 49-1 at 5-6. Defendant has responded with information from Dr. Tony Berg of the Winner Regional Healthcare Center opining that the right shoulder condition is not an acute medical condition requiring immediate care and that a delay in treatment will not adversely affect Dowty's prognosis, but will cause him to have pain for a longer period of time. Doc. 66-1.

Dowty also underwent an MRI on his left knee on January 27, 2012. The MRI revealed

2

normal ligaments and tendons, but a small amount of edema and a "small focus of high grade chondromalacia at the patellar apex with fissuring of the cartilage and underlying subchondral bone marrow edema." Doc. 49-1 at 7, 9. Defendant has submitted information from Dr. Tony Berg indicating that the left knee condition is not an acute medical condition requiring immediate care and that a delay in treatment will not adversely affect Dowty's prognosis. Doc. 66-2.

Defendant appropriately recognizes that Dowty, who is incarcerated awaiting trial on state charges, has a constitutional right not to be subject to cruel and unusual punishment. See Doc. 65; Crow v. Montgomery, 403 F.3d 598, 601 (8th Cir. 2005). To prevail on his claim, Dowty must show that Defendant has been deliberately indifferent to Dowty's medical needs. Crow, 403 F.3d at 602. To do so, Dowty must show that his incarceration poses a substantial risk of serious harm, the objective component of the standard. Dowty must also show that Defendant actually knew of, but disregarded or was deliberately indifferent, to the health and safety of Dowty, which is the subjective component. Id.; see also, Farmer v. Brennan, 511 U.S. 825, 835-38 (1994); Helling v. McKinney, 509 U.S. 25, 31 (1993); Holden v. Hirner, 663 F.3d 336, 343 (8th Cir. 2011).

Defendant has submitted information suggesting that Defendant has not "created an excessive risk to the inmate's health and then failed to act on that knowledge." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996); Doc. 65, Doc. 66. However, Defendant has not filed a motion for summary judgment and only took the Plaintiff's deposition roughly one month ago. Defendant also has submitted only limited information regarding Dowty's medical conditions and care.

At this point, the record establishes that Dowty has serious medical conditions in his shoulders and what appears to be a somewhat less serious medical condition with his left knee. The Defendant has presented information that surgery appears not to be imperative or immediately necessary. There has been no summary judgment motion from the Defendant and the record as it exists at this point contains conflicting information on whether Dowty's necessary medical needs are being met. Therefore, for good cause, it is hereby

ORDERED that Defendant's Motion for Enlargement of Time to Respond to Motions (Doc 59) is denied as moot. It is further

ORDERED that the various pending motions of Dowty, including Doc. 46, Doc. 47, Doc. 49, Doc. 53, Doc. 55, Doc. 56, Doc. 58, Doc. 61, Doc. 62, Doc. 63, Doc. 64, Doc. 75, and Doc. 76

are denied, although medical records attached to certain of the motions are accepted into the record and, as indicated in this Order, deemed to be reliable at this time by this Court.

Dated June 25, 2012.

BY THE COURT

/s/ *Roberto A. Lange*
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE